UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD LESLIE KINDRED,<br><br>   Petitioner,<br><br>   v.<br><br>T. CISNEROS,<br><br>   Respondent. | No. 2:21-cv-0750-KJM-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding without counsel in this petition for writ of habeas corpus under 28 U.S.C. § 2254. Respondent moves to dismiss the petition as untimely. ECF No. 11. As discussed below, the petition is untimely and the motion must be granted.

**I.    Background**

Petitioner was convicted of multiple counts of child molestation in the Sacramento County Superior Court in late 2010. ECF No. 13-1 at 1. He received a sentence of four years plus 150-years-to-life. *Id.* at 1-4. The state appellate court affirmed the convictions and sentences on June 14, 2012, and petitioner did not seek review in the California Supreme Court. ECF No. 13-2.

Petitioner filed three collateral attacks on his conviction and sentence in state court. A petition to the Sacramento County Superior Court filed on September 9, 2020 was denied on October 6, 2020. ECF Nos. 13-3 & 13-4. A petition to the California Court of Appeal filed on October 29, 2020 was denied on November 30, 2020. ECF Nos. 13-5 & 13-6. Finally, a petition

to the California Supreme Court filed on February 18, 2021 was denied on April 14, 2021. ECF Nos. 13-7 & 13-8. Petitioner filed this action on April 22, 2021. ECF No. 1.

## II. The Limitations Period

Under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), a one-year limitations period for seeking federal habeas relief begins to run from the latest of: (1) the date the judgment became final on direct review or the expiration of the time for seeking such review (or April 25, 1996, if the judgment became final prior to AEDPA's enactment), (2) the date on which a state-created impediment to filing is removed, (3) the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review, or (4) the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D); *Malcom v. Payne*, 281 F.3d 951, 955 (9th Cir. 2002).

### a. Statutory Tolling

No statute tolls the limitations period "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed . . . ." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). However, if a petitioner properly files a state post-conviction application prior to the expiration of the limitations period, the period is tolled and remains tolled for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2). A federal habeas application does not provide a basis for statutory tolling, *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), nor does a state petition filed after the federal limitations period has expired, *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

### b. Equitable Tolling

The limitations period may also be equitably tolled where a habeas petitioner establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631 (2010). Petitioner has the burden of showing facts entitling him to equitable tolling. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). The threshold necessary to trigger equitable tolling is very high, "lest the exceptions swallow the rule." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Equitable

tolling may be applied only where a petitioner shows that some external force caused the untimeliness. *Id*.

### c. The Equitable Exception for Innocence

In addition, the statute of limitations is subject to an actual innocence exception.[1]  A petitioner may have her untimely filed case heard on the merits if she can persuade the district court that it is more likely than not that no reasonable juror would have convicted her. *McQuiggin v. Perkins*, 569 U.S. 383, 386-87, 394-95 (2013); *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc).  "Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." *McQuiggin*, 569 U.S. at 399.  For example, the "court may consider how the timing of the submission and the likely credibility of a petitioner's affiants bear on the probable reliability" of his evidence of innocence. *Id*.

### III. Analysis

Respondent moves to dismiss the petition on the ground that it is untimely under AEDPA.  For the reasons that follow, the undersigned agrees.

Respondent argues that the limitations period began to run on July 24, 2012, which was the day on which petitioner's opportunity to seek direct review in the California Supreme Court expired.  28 U.S.C. § 2244(d)(1)(A).  Absent tolling, the limitations period expired on July 24, 2013.

All of petitioner's state habeas petitions were filed in 2020 or later, well outside the federal limitations period.  State petitions filed after the expiration of the federal limitations period cannot toll the limitations period. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).  Thus, this case presents no grounds for statutory tolling.

/////

/////

---

[1] This exception is also known variably as the "miscarriage of justice" exception and the "*Schlup* gateway," after *Schlup v. Delo*, 513 U.S. 298 (1995), in which the U.S. Supreme Court held that a habeas petitioner whose claims were procedurally barred could nevertheless obtain a determination on the merits of his petition if he made the requisite showing of actual innocence.

In his opposition, petitioner argues that the limitations period is no bar to his petition due to "newly presented evidence" and his actual innocence of the many crimes for which he was convicted.

To the extent that petitioner argues that "newly presented evidence" should justify a later limitations period start-date under § 2244(d)(1)(D), his argument fails because he acknowledges that the evidence on which he relies was "available during court and trial proceedings." ECF No. 14 at 5. He provides no argument or evidence showing that this evidence was unavailable to him at that time.

Petitioner's actual innocence claim is equally unavailing. The innocence exception is demanding and thus seldom met. *McQuiggin,* 569 U.S. at 401; *Stewart v. Cate*, 757 F.3d 929, 938 (9th Cir. 2014) (describing the standard governing the exception as "exacting" and setting "an extremely high hurdle" for the habeas petitioner). It requires the petitioner to support his claim of innocence with new reliable evidence that was not presented at trial. *Lee*, 653 F.3d at 938. The sole evidence of innocence petitioner presents here does not meet this high threshold. Although it is not entirely clear, petitioner appears to claim that various documents from the IRS show that his wife, who presumably testified against him at trial, had been dishonest with the IRS so that she would receive some funds that were rightfully payable to petitioner. Petitioner fails to explain how this evidence shows that his wife would have benefitted from his conviction such that she would lie under oath. Nor does petitioner make any argument to attempt to show that, without his wife's allegedly self-interested testimony, he would not have been convicted.

The petition is untimely and, accordingly, must be dismissed.

**IV.     Recommendation**

For the foregoing reasons is RECOMMENDED that respondent's July 15, 2021 motion to dismiss (ECF No. 11) be granted and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  *See* Rule 11, Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED:  September 24, 2021.

                    EDMUND F. BRENNAN
                    UNITED STATES MAGISTRATE JUDGE